IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>GREGORY TODD NUMANN,<br><br>                      Defendant. | Case No. 3:16-cr-00025-TMB<br><br>ORDER ON DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)<br>[DKT. 115] |

## I. INTRODUCTION

The matter comes before the Court on Defendant Gregory Todd Numann's Emergency Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) Filed on Shortened Time (the "Motion").[1] The Government filed an Opposition and Defendant filed a Reply.[2] The Government's Motion to Strike Reply is **DENIED**.[3] As such, the Motion is fully briefed and ripe for resolution. Defendant moved for a telephonic hearing on the Motion but the Court finds that the matter is suitable for disposition without an evidence hearing or oral argument. For the reasons discussed below, the Motion is **DENIED**.

---

[1] Dkt. 115 (Motion).

[2] Dkts. 117 (Opposition); 118 (Reply). Defendant filed the Reply without first seeking leave of the Court, in violation of L.Crim.R. 47.1(d). However, because the Court had directed the Government to respond to specific issues at Docket 116, Defendant should also be given the opportunity to respond and the Court will accept Defendant's Reply.

[3] Dkt. 119 (Motion).

1

## II.     BACKGROUND

On May 5, 2017, the Defendant pleaded guilty to one count of Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1), and one count of Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).[4] On June 7, 2018, Defendant was sentenced to 240 months of imprisonment on Count 1 and 120 months of imprisonment on Count 2, to be served concurrently, life terms of supervised release on both counts, to be served concurrently, and a $200 special assessment.[5] Defendant is serving his sentence at Elkton FCI.[6] The Court takes judicial notice that there is currently an outbreak of coronavirus ("COVID-19") at Elkton FCI.[7]

On April 16, 2020, Defendant filed the Motion citing extraordinary and compelling reasons under § 3582(c)(1)(A) "to modify Mr. Numann's term of imprisonment to permit Mr. Numann to serve the remainder of his custodial sentence in strict home detention in order to protect him from the spread of coronavirus ("COVID-19")."[8] While Defendant acknowledges the requirement to first exhaust administrative remedies, he asks the Court to "consider administrative exhaustion to be sufficiently attempted."[9] Defendant argues that his age (52 years old) and health conditions (epilepsy, hyperthyroidism, and a history of smoking) could place him at higher risk if exposed to

---

[4] Dkts. 45 (Minute Entry); 2 (Indictment).

[5] Dkts. 89 (Minute Entry); 97 (Judgment).

[6] Dkt. 115 at 1.

[7] Bureau of Prisons COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Apr. 23, 2020).

[8] Dkt. 115 at 2.

[9] *Id.* at 3.

COVID-19.[10] Furthermore, Defendant argues that an unreasonable risk to COVID-19 contraction constitutes an Eighth Amendment violation and failure to release him in light of such risk violates his due process rights under the Fourteenth Amendment.[11]

In the Opposition, the Government argues that the Motion should be denied because Defendant is not eligible for compassionate release and his constitutional claims are without merit.[12] As for Defendant's eligibility under § 3582(c)(1)(A), the Government argues that Defendant should not be considered for release for several reasons. First, the Government asserts that Defendant is procedurally barred by the exhaustion requirement.[13] Second, the Government argues that Defendant's concern for COVID-19 is not a cognizable basis for compassionate release.[14] Third, the Government analyzes Defendant's dangerousness and § 3553(a) factors to support his continued imprisonment.[15] Turning to Defendant's Eighth Amendment and Due Process claims, the Government contends that the Bureau of Prisons ("BOP") "has worked to develop and implement systematic measures to prevent, reduce, and control the spread of COVID-19 within prison facilities, and isolation and treatment plans for those who do become infected."[16] The Government argues that, in light of these measures, Defendant cannot show that the BOP has

---

[10] *Id.* at 9–10.

[11] *Id.* at 11–15.

[12] Dkt. 117 at 6.

[13] *Id.* at 7–10.

[14] *Id.* at 10–13.

[15] *Id*. at 13–14.

[16] *Id.* at 15.

3

demonstrated deliberate indifference or failed to provide Defendant medical care under the Eighth or Fourteenth Amendments.[17]

Defendant then filed a Reply to the Opposition, responding to the Government's arguments in turn.[18] Defendant urges the Court to waive the exhaustion requirement and find that Defendant is at great risk for contracting Covid-19 regardless of any medical conditions.[19] Next, Defendant contends that he can attend treatment if released from custody.[20] Finally, Defendant argues that BOP is not able to provide adequate care to inmates at Elkton FCI.[21] Defendant again asks the Court to grant the Motion.[22]

### III. LEGAL STANDARD

The First Step Act ("FSA") amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a reduction in sentence, *i.e.* compassionate release, after exhausting the BOP's administrative process.[23] Then, after considering the applicable factors set forth in § 3553(a), the court may grant the motion if it finds that:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made

---

[17] *Id.* at 15–18.

[18] Dkt. 118.

[19] *Id.* at 2–4.

[20] *Id.* at 4–5.

[21] *Id*. at 5.

[22] *Id.* at 6.

[23] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018);

4

by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The applicable policy statement, issued by the United States Sentencing Commission, § 1B1.13 of the United States Sentencing Guidelines Manual ("U.S.S.G."), explains that extraordinary and compelling reasons relate to a defendant's medical conditions, age, or family circumstances.[24] Section 1B1.13 imposes an additional consideration of whether the defendant is a danger to the safety of any other person or to the community.[25]

### IV. ANALYSIS

In this case, Defendant is not necessarily seeking a reduction in sentence but rather a modification of the manner in which he serves his sentence; Defendant seeks release from prison to serve the remainder of his term in home confinement.[26] While this type of relief is addressed by other amendments in the FSA, it is not considered by § 3582(c)(1)(A), which specifically modifies the length of custodial sentence.[27] Nonetheless, Defendant does not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A) because he has not exhausted his administrative remedies and he does not meet the criteria for "extraordinary and compelling

---

[24] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (U.S. Sentencing Comm'n 2018).

[25] *Id.* § 1B1.13(2).

[26] Dkt. 115 at 3, 15.

[27] *Compare* 34 U.S.C. § 60541(g) (authorizing a pilot program in which elderly offenders and terminally ill offenders may transfer from BOP facilities to home detention) *with* 18 U.S.C. § 3582(c)(1)(A) (permitting a court to "reduce the term of imprisonment" and impose a term of probation or supervised release). *See also United States v. Fuentes*, Case No. 2:07-CR-0248-11 WBS, 2020 WL 1937398, *2 (E.D. Cal. Apr. 22, 2020) ("The court does not have the authority to designate defendant's place of confinement under normal circumstances, nor does it have the authority during the COIVD-19 pandemic.").

5

reasons." In addition, Defendant's constitutional claims are not properly brought in this Motion or before this Court.

A. *Exhaustion of the BOP's Administrative Process*

Section 3582(c)(1)(A) confers authority to grant compassionate release motions to the district court only after the defendant exhausts the BOP's administrative process. "Exhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it."[28] Here, Defendant admits that he has not exhausted his administrative remedies: Defendant filed a request with the Warden approximately one week before filing the present Motion.[29] Defendant has neither received a decision from BOP nor allowed 30 days to pass.[30] Despite Defendant's argument that time is of the essence, exhaustion is a threshold issue that Defendant has failed to satisfy.[31] Exhaustion of administrative remedies is of particular importance here because the BOP holds exclusive authority to grant Defendant's requested relief—transfer to home confinement.

---

[28] *United States v. Mondaca*, Case No.: 89-CR-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (internal quotations omitted).

[29] Dkt. 115 at 3.

[30] *See* Dkt. 117 at 2 (acknowledging the Warden has received Defendant's request).

[31] *United States v. Hembry*, Case No. 12-cr-00119-SI-1, 2020 WL 1821930, at *1 (N.D. Cal. Apr. 10, 2020); *United States v. Tomlinson*, Case No. CR-18-08374-PCT-DWL, 2020 WL 1935522, *1 (D. AZ. Apr. 22, 2020). *See also United States v. Raia*, 954 F.3d 594 (3d Cir. 2020) (lack of exhaustion "presents a glaring roadblock foreclosing compassionate release"); *United States v. Holden*, Case No. 3:13-cr-00444-BR, 2020 WL 1673440, at *4–10 (D. Or. Apr. 6, 2020) (concluding "the administrative exhaustion provision of the FSA is mandatory; it is a statutorily-created provision rather than a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision").

6

B. *The 18 U.S.C. § 3553(a) Factors*

Furthermore, the § 3553(a) sentencing factors do not warrant a reduction of sentence in this case. The Court had taken those factors into consideration when it imposed 20 years of imprisonment to address the seriousness of the Defendant's child pornography offenses, promote respect for the law, deter Defendant and others, provide just punishment, and protect the public.[32] To date, Defendant has served but a fraction of that sentence. Releasing him after less than 4 years in custody is not consistent with the factors set forth in § 3553(a).

C. *Extraordinary and Compelling Reasons*

Notwithstanding Defendant's failure to exhaust and the § 3553(a) factors, he also does not meet the criteria considered to be "extraordinary and compelling reasons" for release. The relevant section under USSG § 1B1.13 explains that "extraordinary and compelling reasons" exist when the defendant is "suffering from a serious physical or medical condition."[33] To be sure, the Court recognizes the serious health risks of COVID-19 and particularly how a defendant's ability to follow recommended self-care and public health guidance is substantially diminished by the restrictions inherent to the federal prison system. However, the risks of COVID-19 have pervaded all corners of society and the possibility of contraction does not independently justify compassionate release.[34]

Here, Defendant does not allege that he is immuno-compromised or otherwise particularly vulnerable to the effects of COVID-19. He states that his health conditions could raise his risks if

---

[32] Dkt. 89.

[33] U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii)(I).

[34] *Raia*, 954 F.3d at 597.

exposed to COVID-19 and argues that he would be at risk absent any medical conditions.[35] Defendant's age and health conditions are not listed by the Center for Disease Control and Prevention as known risk factors for COVID-19 complications.[36] There is no evidence that epilepsy or hypothyroidism make a person more susceptible to COVID-19.[37] Despite the COVID-19 outbreak, Defendant has not demonstrated extraordinary and compelling reasons to warrant his release.

### D. Danger to Others or the Community

Finally, a court must consider the "nature and seriousness of the danger to any person or the community" that the defendant's release would pose.[38] Defendant briefly addresses this factor by alleging that he has not reoffended.[39] The Court does not find that persuasive. The nature of Defendant's convictions and his related conduct are extremely troubling and Defendant has failed to present evidence or argument to convince the Court otherwise. Accordingly, the Court finds that Defendant poses a danger to the community and he should not be released.

---

[35] Dkts. 115 at 9; 118 at 4.

[36] Center for Disease Control and Prevention, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Apr. 23, 2020).

[37] Epilepsy Foundation New England, In the News, https://epilepsynewengland.org/news/coronavirus-information-for-people-affected-by-epilepsy-in-new-england (last visited Apr. 23, 2020); American Thyroid Association, Novel Coronavirus (COVID-19) and the Thyroid, https://www.thyroid.org/covid-19/coronavirus-frequently-asked-questions/ (last visited Apr. 23, 2020).

[38] U.S. Sentencing Guidelines Manual § 1B1.13(2) (citing 18 U.S.C. § 3142(g)).

[39] Dkt. 118 at 5.

*E. Defendant's Constitutional Claims*

In addition to his arguments for compassionate release under § 3582(c)(1)(A), Defendant asserts two grounds for relief based on constitutional claims.[40] He argues that the current conditions at Elkton FCI violate the Eighth and Fourteenth Amendments.[41] Those claims—relating to the manner and conditions of confinement—are not properly brought in a motion for compassionate release and this Court does not have jurisdiction to consider them.[42] Therefore, the Court **DISMISSES** those claims without prejudice. Defendant may file or join a petition challenging the same in the district of his confinement.[43]

## V. CONCLUSION

Therefore, the Motion at Docket 115 is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 24th day of April, 2020.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[40] Dkt. 115 a t 12–16.

[41] *Id.*

[42] *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) ("Review of the execution of a sentence may be had through petition for writ of habeas corpus under 28 U.S.C. § 2241"); *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (the custodial court has exclusive jurisdiction to hear a § 2241 petition); *United States v. Buenrostro*, Case No. 2:95-cr-00504 WBS AC, 2019 WL 3245093, *2 (E.D. Cal. Jul 19, 2019) ("[A]n inmate challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under § 2241"); *United States v. Green*, Case No. 2:11-cr-00468-TLN, 2020 WL 1892456, *3 fn.1. (E.D. Cal. Apr. 16, 2020) (denying compassionate release and noting improper venue to the extent the defendant challenges the conditions of confinement).

[43] *See*, *for example*, *Wilson v. Williams*, __ F.Supp.3d ___, 2020 WL 1940882 (N.D. Ohio Apr. 22, 2020) (ordering an injunction to identify vulnerable inmates eligible for release from Elkton FCI during the COVID-19 pandemic).