IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>GREGORY TODD NUMANN,<br><br>        Defendant. | Case No. 3:16-cr-00065-TMB-1<br><br>ORDER ON MOTION UNDER<br>28 U.S.C. § 2255 TO VACATE, SET ASIDE,<br>OR CORRECT A SENTENCE<br>(DKTS. 113 and 114) |

## I. INTRODUCTION

Before the Court is Gregory Todd Numann's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence ("Motion to Vacate" or the "Motion") related to his plea of guilty to one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 2).[1] The Court sentenced Numann to 240 months of imprisonment, consisting of 240 months on Count 1 and 120 months on Count 2, to be served concurrently, followed by supervised release for life.[2] Numann appealed his sentence to the Ninth Circuit on grounds separate from those asserted in the Motion to Vacate, and the Circuit affirmed his sentence on August 15, 2019.[3] Numann then filed this Motion to Vacate on April 10, 2020.[4]

---

[1] Dkts. 113 (Mem. re: Grounds for Relief); 114 (Supplemental Motion); 2 (Indictment); 39 (Notice of Intent to Change Plea); 45 (Minute Entry re: Change of Plea Hearing).

[2] Dkt. 97 at 2–3 (Judgment).

[3] *United States v. Numann*, 775 F. App'x 316 (Mem. Op.) (9th Cir. Aug. 15, 2019); *see* Dkts. 94 (Notice of Appeal); 111 (Ninth Circuit Memorandum); 112 (Mandate from Ninth Circuit).

[4] Dkts. 113; 114.

1

The Government opposes the Motion (the "Response").[5] The Motion was timely under 28 U.S.C. § 2255(f) and has been fully briefed.[6] For the reasons stated below, no evidentiary hearing is necessary and Numann's Motion to Vacate is **DENIED**.

## II. BACKGROUND

In June 2016, a grand jury returned a two-count indictment against Numann and charged Numann with receiving and possessing child pornography between July 27, 2015 and August 20, 2015, in violation of federal law.[7] The Court need not review all of the details that underpinned Numann's charged activity, however, the FBI determined that Numann was in possession of at least 228 still images and nine videos of child pornography.[8] The exact number of images and videos could not be determined, since Numann did not provide investigators with the password to his Apple computer (the "computer").[9]

Numann initially pleaded not guilty to the counts charged in the Indictment.[10] He later changed his plea to guilty, noting that "[t]here is no agreement between the parties regarding sentencing, guideline calculation or other factors" and thus "no plea agreement will be filed[.]"[11] At Numann's sentencing hearing, the Court considered Numann's refusal to provide a password

---

[5] Dkt. 133 (Response).

[6] *See* Dkts. 113; 114; 133; 136 (Reply). The Government agrees that Numann's Motion is timely. Dkt. 133 at 4.

[7] Dkt. 2.

[8] Dkt. 91 at ¶ 24 (Second Revised Final Presentence Investigation Report).

[9] *Id.* at ¶¶ 20, 111.

[10] Dkt. 9 (Minute Entry re: Arraignment).

[11] Dkt. 39 at 1; *see also* Dkt. 45.

2

for his computer as part of its analysis under 18 U.S.C. § 3553(a).[12] It also applied a two level enhancement under the Sentencing Guidelines for Numann's obstruction of justice, relating to Numann's attempts to have his daughter recant certain allegations that he sexually assaulted her as a child.[13] The Court then sentenced Numann to 240 months of imprisonment followed by supervised release for life.[14]

Numann appealed his sentence on two grounds. First, he argued that the Court impermissibly increased his sentence "because Numann failed to provide the password to one of the computers" seized by law enforcement during a search of his home; and second, that the Court "erroneously applied a two-level enhancement for obstruction of justice[.]"[15] The Ninth Circuit rejected both arguments and affirmed the sentence.[16] It reasoned that the adverse inference for Numann not turning over his computer password was made in the context of the Court's § 3553(a) analysis,[17] and even if it were improper, any error was harmless because Numann provided no evidence "that a lesser sentence would have been imposed but for this inference[.]"[18] As to the obstruction of justice enhancement, the Circuit reasoned that even if the enhancement was

---

[12] *See* Dkt. 106 at 3:8-12, 6:24-8:4 (Sentencing Hearing Tr.).

[13] Dkts. 85 at ¶ 51 (Final Presentence Investigation Report); 106 at 4:16-22, 12:19-25.

[14] Dkt. 97 at 2–3.

[15] *Numann*, 775 F. App'x at 316–17.

[16] *Id.* at 317.

[17] The Circuit noted that the District Court stated "more than once during the sentencing hearing that Numann would not be punished for his failure to provide [the computer] password[.]" *Id.*

[18] *Id.*

improperly applied, the error was also harmless and noted that Numann received a sentence below the recommended range under the Sentencing Guidelines.[19]

On April 10, 2020, Numann filed this Motion, seeking post-conviction relief on grounds that "Numann's pleas were not knowing, intelligent, and voluntary because he did not receive effective assistance of counsel regarding his decision to enter guilty pleas."[20] He also brings a second basis for relief, that "counsel did not effectively advocate regarding [Numann's] offer to provide the government with password assistance to his computer that could have resulted in a more favorable sentence."[21] Numann alleges that his trial counsel, Steve Wells ("Wells"), did not review "all of the discovery pertinent to the case" and that as a result, Wells was "not informed enough to meaningfully advise" Numann.[22] He also alleges that he told counsel that "he could offer some possible passwords" for the computer, but that no arrangements to provide assistance were made by Wells.[23] Numann argues that Wells' "failure to follow[-]up" impacted the Court's sentence, because he was "potentially precluded from a sentence on the more rehabilitative end of the spectrum[.]"[24] Therefore, Numann asks for the Court to "set aside his conviction and sentence" under § 2255.[25]

---

[19] *Id.* at 316, 316 n.1.

[20] Dkt. 113 at 1.

[21] *Id.*

[22] *Id.* at 2.

[23] *Id.* at 3.

[24] *Id.* at 3–5.

[25] *Id.* at 16.

The Government opposes the Motion.[26] It argues that Numann has not brought a meritorious claim for relief based on ineffective assistance of counsel under *Strickland v. Washington*.[27] It further argues that Numann's claims do not "establish[] either deficient performance or prejudice."[28] As to Numann's first claim, that his attorney Wells failed to review all discovery, the Government argues that "Numann provides no evidence" to support the claim, only conclusory statements.[29] The Government points out that at his change of plea hearing, Numann expressed his satisfaction with Wells.[30] In an affidavit, attorney Wells stated that he *did* review the discovery in Numann's case.[31] The Government argues that Wells "provides the Court with a specific contextual reason to reject Numann's vague, unsupported allegation" that Wells did not review the discovery.[32] Finally, it argues that Numann did not identify any exculpatory evidence "that would have convinced Numann to go to trial."[33]

The Government next argues that the Court should reject Numann's second claim, relating to the password to his computer.[34] First, the Government argues that "counsel was aware of the

---

[26] Dkt. 133.

[27] 466 U.S. 668 (1984).

[28] Dkt. 133 at 6.

[29] *Id.*

[30] *Id.* at 7–8.

[31] *Id.* at 8; Dkt. 128 at 1–2 ("I did review discovery because the discovery showed that the [G]overnment could document that agents from the government downloaded images that contained child pornography from [Numann's] I.P. address.") (Wells Aff.).

[32] Dkt. 133 at 8.

[33] *Id.*

[34] *Id.* at 9.

5

issue and did, in fact, offer to provide Numann's limited offer of assistance to the Government."[35] The Government argues that the record shows that Wells asserted that Numann did not remember the password due to the passage of time, that Numann had a Fifth Amendment right to remain silent, and that the Court was prohibited from drawing any adverse inference based on his assertion of that right.[36] The Government also states that "Wells did in fact inform the Government that Numann was prepared to testify that he forgot the password."[37] Since the Ninth Circuit found that any error relating to an adverse inference for the computer password issue was not prejudicial, the Government also argues that Numann's claim for ineffective assistance of counsel is foreclosed.[38] Finally, the Government argues that the Court should deny the certificate of appealability, since Numann does not make "a substantial showing of the denial of a constitutional right."[39]

Numann filed a "Response to Opposition to Relief Under 28 U.S.C. § 2255" (the "Reply"), to address the Government's argument.[40] Numann argues that there is a "factual question on whether counsel sufficiently reviewed the computer-related evidence that this court can only resolve with an evidentiary hearing."[41] He argues that Wells may have "merely assumed the [G]overnment had the evidence that it purported to have without actually reviewing such

---

[35] *Id.* at 10.

[36] *Id.* at 10–11.

[37] *Id.* at 12.

[38] *Id.* at 13–14 ("The Ninth Circuit's finding of harmless error also forecloses Numann's ineffectiveness claim because a harmless error cannot satisfy the prejudice prong of *Strickland*.").

[39] *Id.* at 14–15 (citing 28 U.S.C. § 2253(c)(2)).

[40] Dkt. 136.

[41] *Id.* at 2.

6

evidence."[42] If Wells "advised [Numann] regarding the plea without first reviewing the discovery, then counsel's performance fell below the acceptable level of attorney assistance."[43] Numann also argues that he does not need to provide any "exculpatory evidence" to prevail on his claim under § 2255.[44] Regarding the computer password, Numann says that Wells "did not relay [Numann's] willingness to attempt the password until too late in the proceedings, after the [G]overnment had already sent the computer to FBI experts who were unsuccessful in accessing the computer and after [Numann] changed his plea without any plea deal."[45] Finally, Numann argues that the Ninth Circuit's opinion does not foreclose relief because even if the Circuit found it harmless that Numann's "failure to provide the password did not affect his acceptance of responsibility points for sentencing," Wells' failure to pursue Numann's offer to assist with the password "could have resulted in a better outcome[.]"[46]

### III. LEGAL STANDARD

Under 28 U.S.C. § 2255, a district court may "vacate, set aside, or correct" a sentence of a federal prisoner that was imposed in violation of the Constitution or a law of the United States. On a motion for relief under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law

---

[42] *Id.*

[43] *Id.* at 3.

[44] *Id.* at 4 (internal quotation marks omitted).

[45] *Id.* at 6.

[46] *Id.* at 7.

with respect thereto."[47] If the Court determines that relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[48]

However, "the district court may deny a § 2255 motion without holding an evidentiary hearing if '(1) the petitioner's allegations, accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or allege conclusions rather than statements of fact.'"[49] Thus, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."[50] "Section 2255 requires only that the district court give a claim careful consideration and plenary processing, including full opportunity for presentation of the relevant facts."[51]

//

//

---

[47] 28 U.S.C. § 2255(b).

[48] *Id*.

[49] *United States v. Geozos*, No. 3:06-CR-082-RRB-JDR, 2010 WL 4942571, at *2 (D. Alaska Nov. 24, 2010) (quoting Dhillon Khosla, 28 U.S.C. § 2255 Checklist/Updated Supplement to Habeas Corpus Outline p.5 (2005)); *see also Baumann v. United* States, 692 F.2d 565, 571 (9th Cir. 1982) ("Mere conclusory statements by the petitioner do not justify a hearing.") (citation omitted); *Lopez-Lopez v. United States*, No. CR 05-1242 TUC-DCB, CV 06-489 TUC-DCB, 2006 WL 2850055, at *1 (D. Ariz. Sept. 28, 2006) ("A district court shall summarily dismiss a § 2255 petition '[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'" (quoting Rule 4(b), Rules Governing § 2255 Actions)).

[50] *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

[51] *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (internal quotation marks and citation omitted).

### A. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is rooted in the Sixth Amendment right to counsel, which extends to the plea-bargaining stage of a criminal proceeding.[52] A defendant asserting a claim of ineffective assistance of counsel must satisfy the two-pronged test defined in *Strickland v. Washington*.[53] Under that test, a defendant must show that (1) counsel's performance was deficient, *i.e.*, "fell below 'an objective standard of reasonableness;'"[54] and (2) that the deficiency was prejudicial to the defense, *i.e.*, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[55]

In addressing the first element, the performance prong, judicial scrutiny of an attorney's performance, especially in hindsight, is highly deferential.[56] Attorney conduct should be evaluated from the attorney's perspective at the time of the representation.[57] Generally, an attorney's performance is strongly presumed to fall within the wide range of reasonably professional competent assistance.[58] "The court must [] determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[59]

---

[52] *Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

[53] *See* 466 U.S. at 690–94.

[54] *Silva v. Woodford,* 279 F.3d 825, 836 (9th Cir. 2002) (quoting *Strickland,* 466 U.S. at 688).

[55] *Strickland*, 466 U.S. at 694; s*ee also United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988).

[56] *Strickland*, 466 U.S. at 689.

[57] *Id*.

[58] *Id.*

[59] *Id.* at 690.

The second prong, prejudice, "focuses on the question [of] whether counsel's deficient performance renders the result of . . . the proceeding fundamentally unfair."[60] A reasonable probability that the results of the proceeding would have been different is "a probability sufficient to undermine confidence in the outcome."[61] A defendant must make a greater showing than simply asserting an error that could theoretically have some effect on the outcome of the proceeding; but, a showing by a preponderance of the evidence is not required by *Strickland*.[62]

Ultimately, a defendant must prove *both* deficient performance and consequent prejudice to succeed in establishing ineffective assistance.[63] The court may evaluate one or both prongs in determining whether to grant a defendant's habeas petition on these grounds. However, the court need not inquire whether an attorney's performance was deficient if such alleged deficiency could not have resulted in prejudice under *Strickland*.

### B. Ineffective Assistance of Counsel in Guilty Plea

"Because 'an intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney' . . . counsel [has] a duty to supply criminal defendants with necessary and accurate information."[64] Where a petitioner alleges ineffective assistance of counsel when pleading guilty, "'[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among

---

[60] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)

[61] *Strickland*, 466 U.S. at 694.

[62] *Duncan v. Ornoski*, 528 F.3d 1222, 1246 (9th Cir. 2008).

[63] *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995) ("[P]etitioner bears the burden of establishing both.") (emphasis added).

[64] *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (quoting *Brady v. United States*, 397 U.S. 742, 748 n. 6 (1970)).

10

the alternative causes of action open to the defendant.'"[65] For a guilty plea, a petitioner can only "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases."[66] In addition, to satisfy the prejudice prong of the *Strickland* standard in the context of a guilty plea, a defendant must "show the outcome of the plea process would have been different with competent advice," in other words, "'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'"[67]

## IV. ANALYSIS

Numann asserts that he received ineffective assistance of counsel under two theories. First, he argues that his attorney, Wells, advised him regarding the decision to plea "despite not having reviewed all of the discovery pertinent to the case."[68] Numann says that had he known Wells did not review all discovery, he would not have agreed to plead guilty.[69] Second, Numann argues that Wells failed to effectively communicate with the Government about the computer password.[70] He says that Wells' failure to follow-up with the Government on "Numann's offer to provide

---

[65] *Signori*, 844 F.2d at 638 (internal quotation marks altered) (quoting *Hill*, 474 U.S. at 56 (quoting *North Carolina v. Alford*, 400 U.S. 25 (1970))).

[66] *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *see also United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005).

[67] *Lafler*, 566 U.S. at 163 (quoting *Hill*, 474 U.S. at 59).

[68] Dkt. 113 at 2.

[69] *Id.*

[70] *Id.* at 3.

password assistance impacted the court's sentence."[71] Numann says he may have gotten a "more rehabilitative" sentence had the contents of the computer been accessible.[72]

The Court finds that Numann has provided nothing more than conclusory assertions for his arguments and that the record contradicts his factual assertions; thus, no evidentiary hearing is necessary to resolve Numann's claims. The Court further finds that Numann's petition is without merit. Numann has not made the required showing under *Strickland* to demonstrate ineffective assistance of counsel for either of the grounds he raises. The Court's reasoning is discussed for each of these grounds below.

### A. Counsel's Alleged Failure to Review Discovery and Numann's Asserted Grounds for an Evidentiary Hearing

Numann contends that his trial counsel, Wells, did not review "all of the discovery pertinent to the case" and that as a result, trial counsel was "not informed enough to meaningfully advise" Numann.[73] Numann asserts that he believed "counsel had reviewed the discovery and that counsel's advice was to plead guilty because the [G]overnment could prove the case against [him] with its evidence."[74] Numann states that at the sentencing hearing he "discovered that counsel had still not reviewed the evidence that the government purported to possess."[75] Numann states that Wells "believed the [G]overnment's assertion that the [G]overnment had illegal images tied to

---

[71] *Id.*

[72] *Id.* at 5.

[73] Dkt. 113 at 2.

[74] *Id.* at 5–6.

[75] *Id.* at 6. "When Mr. Numann asked his attorney questions [at the sentencing hearing] about what actual evidence the [G]overnment had mustered against him, Mr. Numann realized that his attorney had not in fact reviewed the discovery as Mr. Numann had been led to believe that the attorney would do." *Id.* at 7; *see also* Dkt. 113-1 at ¶ 4 (Numann Aff.).

12

[Numann's] IP address" and that Wells "never actually reviewed the purported evidence[.]"[76] Numann provides no further basis for his belief, nor does he refer to any specific discovery that Wells failed to review.

Numann's argument that Wells provided ineffective assistance of counsel due to his failure to review the discovery in this case is conclusory, not supported by the record, and must fail as a result. First, Wells filed an affidavit that directly contradicts Numann's assertion that Wells did not review the discovery in this case.[77] Wells states that he "review[ed] the discovery" and that it revealed that the Government could show the child pornography images were associated with Numann's I.P. address.[78] Wells explains that the Government could not access "one computer seized . . . because it was password protected and the other computer did not have the images that had been downloaded by the agents."[79] He further explains that "agents documented that they downloaded different images on multiple occasions from Mr. Numann's I.P. address, [which meant] that new images were getting onto Mr. Numann's computers."[80] Wells also asserts that he discussed a potential defense with Numann relating to the Government's evidence—that he inadvertently downloaded child pornography—but advised him that the "primary defense . . . was fraught with peril."[81] In his Reply, Numann merely asserts that Wells' affidavit shows that there

---

[76] Dkt. 113 at 6.

[77] Dkt. 128.

[78] *Id.* at 1–2.

[79] *Id.* at 2.

[80] *Id.*

[81] *Id.*

is "a factual question on whether counsel sufficiently reviewed the computer-related evidence" that requires an evidentiary hearing.[82]

Numann does not dispute Wells' assertion that he reviewed the Government's evidence that showed that the Government could document that "agents from the [G]overnment downloaded images that contained child pornography from his I.P. address."[83] Numann does not make any argument about specific "computer related evidence" that Wells failed to review, let alone evidence that would have affected his decision to plead guilty.[84]

Second, at the change of plea hearing, Numann expressed his satisfaction with Wells' representation:

> THE COURT: Okay. Have you had a chance to thoroughly discuss your case with Mr. Wells and explain to him all the facts and circumstances related to these charges so that he can give you legal advice?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Have you had a chance to thoroughly discuss your case and ask Mr. Wells any questions you might have?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has he answered your questions?
>
> THE DEFENDANT: Yes, he has, Your Honor.
>
> THE COURT: Are you satisfied with the work that he's done for you in this case?
>
> THE DEFENDANT: Yes, Your Honor.[85]

---

[82] Dkt. 136 at 2–3.

[83] Dkt. 128 at 1–2.

[84] *See* Dkt. 136 at 3.

[85] Dkt. 105 at 12:9-22 (Change of Plea Hearing Tr.).

The Government also explained that the factual basis that "the parties have agreed to" included evidence that "law enforcement downloaded through an Internet file sharing service, four different files that showed minors . . . engaged in sexually explicit conduct from the defendant's computer in Chugiak, Alaska."[86] The Government further explained that "[l]aw enforcement was able to download [additional images] from defendant's computer because he used a file sharing service to download them[.]"[87] At the change of plea hearing Numann stated that the facts, as outlined by the Government, were true.[88]

Denial of a § 2255 petition is appropriate without a hearing if "the petitioner's allegations cannot be accepted as true because they are contradicted by the record[.]"[89] Where, as here, the defendant's "present allegations about his conversations with defense counsel contradict [his] previous statements in court, his credibility must be assessed."[90] And, furthermore, "where the issue of credibility can be 'conclusively decided on the basis of documentary testimony and

---

[86] *Id.* at 19:21-25.

[87] *Id.* at 20:6-8.

[88] *Id.* at 21:2-3 ("THE COURT: Is what he said true? THE DEFENDANT: Yes, Your Honor."). Numann's plea was not based on evidence or discovery found on the computer, but rather, on law enforcement's downloading of images from a file sharing service. *See id.* at 19:21–20:8. It is unclear how Numann's allegations relating to Wells' review of discovery or his offer to attempt to log on to his computer would change whether he would have admitted to the underlying facts of his plea.

[89] *Bonds v. United States*, No. C18-0131-JCC, 2018 WL 2216089, at *2 (W.D. Wash. May 15, 2018); *see also Shah*, 878 F.2d at 1158 ("Where a § 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, 'viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.'") (quoting *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985)); *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985); *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988); *Baumann,* 692 F.2d at 571.

[90] *Shah*, 878 F.2d at 1158–59.

15

evidence in the record,' no evidentiary hearing is required."[91] In general, "[s]olemn declarations in open court carry a strong presumption of verity."[92] "Where a prisoner's motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required."[93]

Here, Numann does not provide any factual support beyond his conclusory statements that Wells did not review the discovery in the case. Wells' affidavit, the factual basis for the plea, and Numann's own statements at the change of plea hearing all tend to contradict Numann's assertions in the Motion. Accordingly, Numann has not raised any credible allegations of deficient performance regarding Wells' handling of the discovery in this case and he therefore fails to show that that an evidentiary hearing is required or show ineffective assistance of counsel on these grounds.[94]

### B. Counsel's Alleged Failure to "Effectively Convey" Numann's Willingness to Assist in Retrieving the Computer Password

Numann's second basis for relief is that Wells' performance was deficient because he did not "effectively convey" Numann's "willingness to assist in retrieving the potential [computer] password."[95] He argues that he was "not aware that the [G]overnment was seeking his password"

---

[91] *Id.* at 1159 (quoting *United States v. Espinoza,* 866 F.2d 1067, 1069 (9th Cir. 1989)).

[92] *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987) (citations and internal quotation marks omitted).

[93] *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

[94] Since Numann has not made a credible showing that Wells' performance was deficient, the Court need not address whether Wells' alleged deficiency was prejudicial under *Strickland*. *See Strickland*, 466 U.S. at 694.

[95] Dkt. 113 at 16.

and that "[h]ad counsel zealously advocated and effectively provided an opportunity . . . to provide password assistance," the Court may have rendered a more favorable § 3553(a) analysis and a lower sentence.[96]

Numann's argument regarding Wells' performance as to the computer password issue is also contradicted by the record. Numann states that he advised Wells that he "was willing to provide possible passwords and willing to sit down at the computer and use the security prompts to assist in recovering the password."[97] Wells, in fact, made this exact offer to the Government. At the sentencing hearing, Wells stated:

> I had a long discussion with Mr. Numann and I emailed [Government counsel] and said, "Listen, I've got -- I don't know what to tell you. I can't give you the password. I don't know if there's something -- you probably don't want to do this, but if you want to set it up so that Mr. Numann can sit down with the computer, maybe the questions that prompt the security, you know, will prompt his memory, but you know, short of that, I don't know what to do about giving you the password." So that's kind of where we're stuck today.[98]

In addition, Wells stated that he was willing to discuss with Numann the possibility of testifying at the sentencing hearing that he could not remember the password.[99] He advocated for Numann's position by reiterating the statements in Numann's sentencing memorandum, namely, that Numann was "asked once, and it never came up again, and by the time the Court asked, which was a couple

---

[96] *Id.*; *see also* Dkt. 125 at 1 (Numann Supp. Aff.).

[97] Dkt. 125 at 1.

[98] Dkt. 106 at 26:5-14. Wells corroborated this through his affidavit at Docket 128. *See* Dkt. 128 at 2–3.

[99] Dkt. 106 at 9:6-12.
17

months ago, not we're three – three years later[.]"[100] Numann, however, says that Wells' communication to the Government and argument at the sentencing hearing was "too late."[101]

Judicial scrutiny of the performance prong of *Strickland* is highly deferential and is generally presumed to fall within a wide range of reasonable professional assistance.[102] There are "countless ways to provide effective assistance in any given case."[103]

Here, Numann's main contention is that Wells' performance fell below the wide range of reasonable professional assistance afforded by *Strickland* because he offered to have Numann try to login to his computer *too late*. The Court disagrees. The record clearly shows that Wells communicated to the Government and to the Court, prior to the imposition of sentence, that Numann was willing to attempt to login, but that he did not remember the password.[104] In Numann's sentencing memorandum, Wells noted that Numann was not ordered at any point to give his computer password and that while law enforcement agents were searching he exercised his Fifth Amendment right to remain silent.[105] Wells indicated at the sentencing hearing that Numann was not asked to provide the password after the computer was seized.[106] Numann's nebulous objection, that Wells should have tried to ask the Government to allow Numann to attempt to log in to the computer sooner, is insufficient to show that Wells' performance was

---

[100] *Id.* at 9-12.

[101] Dkt. 136 at 6.

[102] *Strickland*, 466 U.S. at 689.

[103] *Id.*

[104] *See* Dkts. 106 at 26:5-14; 128 at 2–3.

[105] Dkt. 76-1 at 7 (Numann's Sentencing Memorandum).

[106] *See* Dkt. 106 at 9:6-12.

18

deficient. The Court is not going to second guess Wells' assistance, especially where, as here, it appears that Wells acted well within the bounds of "reasonable professional judgment."[107] Accordingly, Numann fails to meet his burden to show ineffective assistance of counsel on these grounds, as he has not raised any credible allegations of deficient performance regarding Wells' handling of the computer password issue.

In sum, none of Numann's assertions are sufficient to show that he is entitled to relief under § 2255. Numann has not raised any credible allegations tending to show that Wells' performance was deficient under *Strickland*. Therefore, Numann suffered no Sixth Amendment violation due to ineffective assistance of counsel, his petition for relief under 28 U.S.C. § 2255 is without merit, and no evidentiary hearing is required.[108] Since the Court finds that Wells' performance was not deficient, it need not address whether Numann was prejudiced under *Strickland* by Wells' alleged deficient assistance.

## V. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal a petition brought under 28 U.S.C. § 2255.[109] Under the federal rules governing § 2255 procedures, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[110] Where a petitioner makes "a substantial showing of the denial of a constitutional right," a COA should be issued.[111] This standard requires that the petitioner "'demonstrate that the issues are

---

[107] *Strickland*, 466 U.S. at 690.

[108] *See supra* n. 49.

[109] 28 U.S.C. § 2253(c)(1)(B); *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997).

[110] Rule 11(a), Rules Governing § 2255 Proceedings.

[111] 28 U.S.C. § 2253(c)(2).

debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.'"[112] Numann's petition does not meet this standard. Numann's petition is without merit, and his factual contentions are contradicted by the record before the Court. Accordingly, the Court declines to issue a certificate of appealability in this action.

## VI. CONCLUSION

For the foregoing reasons, the Court finds that Numann's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence is without merit. Accordingly, Numann's Motion at Dockets 113 and 114 is **DENIED** and the Court declines to issue a certificate of appealability in this case.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 10th day of March, 2021.

/s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[112] *United States v. Greene*, No. 3:09-CR-00053-1-TMB, 2015 WL 13670726, at *1 (D. Alaska Apr. 14, 2015) (quoting *Muth v. Fondren*, 676 F.3d 815, 822–23 (9th Cir. 2012)).