IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                 Plaintiff,<br><br>     v.<br><br>GREGORY TODD NUMANN,<br><br>                Defendant. | Case No. 3:16-cr-00065-TMB<br><br>ORDER REFERRING<br>DEFENDANT'S SECOND MOTION<br>UNDER 28 U.S.C. § 2255<br>TO THE NINTH CIRCUIT<br><br>(DKTS. 161-62, 174-75, 183) |

## I.    INTRODUCTION

The matter comes before the Court on Defendant Gregory Todd Numann's ("Numann") Motion for Relief from Judgment (the "Motion").[1] Numann filed the Motion pursuant to Federal Rule of Civil Procedure ("Rule") 60(b) for relief from judgment stemming from a prior 28 U.S.C. § 2255 habeas proceeding. The United States of America ("Government") opposes.[2]

The Court does not now reach the merits of the motion. Instead, because the Rule 60(b) motion is an unauthorized "second or successive" § 2255 motion, the Court refers the matter to the Ninth Circuit Court of Appeals pursuant to Ninth Circuit Rule 22-3(a) for certification under 28 U.S.C. § 2255(h).

## II.    BACKGROUND

For factual background, the Court refers to its previous Order on Numann's first Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence to reference Numann's

---

[1] Dkts. 161 (Pro Se Motion for Relief from Judgment), 162 (Supplement One), 174 (Amended Motion for Relief from Judgment), 175 (Supplemental Motion); 183 (Motion for Hearing).

[2] Dkts. 177 (Response in Opposition), 178 (Amended Response).

underlying conviction, appeal of his sentence, and first motion for post-conviction relief under § 2255 for ineffective assistance of counsel.[3]

Numann now moves under Rule 60(b) of the Federal Rules of Civil Procedure for reconsideration of this court's earlier ruling in light of what Numann contends is "newly discovered evidence" regarding his prior denied § 2255 claim of ineffective assistance of counsel.[4] Numann submitted certain Freedom of Information Act ("FOIA") requests to the Federal Bureau of Investigations ("FBI") regarding all records of any third-party access to evidence from his case, including evidence from an encrypted laptop that he alleges Attorney Steven Wells, his trial counsel, never viewed.[5] Numann sought to confirm whether Attorney Wells viewed data at the FBI office where his forfeited laptop was held.[6] The FOIA responses indicated that it could not confirm whether any particular third party had accessed the facility without a privacy waiver regarding that third party, but in any event, the FBI had "no records of *anyone* outside of the FBI" accessing his investigative file and forfeited laptop.[7] Numann construes these FOIA responses as "newly discovered evidence" demonstrating his counsel never viewed the evidence from the encrypted laptop. With this view of the FOIA responses, Numann reiterates his prior ineffective

---

[3] *See generally* Dkt. 145 (Order).

[4] Dkt. 161, 174.

[5] Dkt. 174 at 4; Dkt. 175-2 at 6–7.

[6] Dkt. 175-2 at 5.

[7] *Id.* at 6–7.

assistance of counsel, argument that "trial counsel did not view the critical evidence before advising Numann to plead to the charges."[8]

First, Numann requests that "this Court reopen his [2255] motion to permit him to investigate if there exists a defect or flaw in the integrity of the prior proceeding."[9] He argues that "this [M]otion is not an unauthorized (or disguised) 'second or successive' § 2255 motion" because instead, "[i]t is a request to permit an opportunity for Numann to develop a potential claim through an investigation."[10] He suggests "Rule 60(b)(6) is the appropriate means to undertake[] an investigation to determine if a defect or flaw taints the integrity of the prior proceeding."[11]

Next, he argues that the § 2255 proceeding was actually tainted under several theories, either because the Government "material[ly] changed" or "altered" Wells' affidavit by employing a certain phrase in the Government's Response, or because "the affidavit Attorney Wells submitted to this Court in the proceedings below is misleading."[12] Numann asserts that he "never alleged Attorney Wells or the Government _lied_ or committed _fraud_ in the proceedings below."[13] Moreover, Numann does not now allege that the Government "altered" the affidavit itself; rather,

---

[8] *Id.* at 7.

[9] Dkt. 174 at 1.

[10] *Id.* at 2.

[11] *Id.* at 3.

[12] *Id.* at 4–6; Dkt. 179 at 1–2.

[13] Dkt. 179 at 2 (emphasis in original).

he takes issue with a certain phrase in the Government's description of the affidavit in its Response.[14]

Last, he reasserts his merits arguments from his first § 2255 proceeding that Wells' "failure" to view the encrypted evidence "in person prior to advising Numann to plead guilty is equivalent to Numann having no representation in defense of the charges or at sentencing."[15] Therefore, he argues, the Court should grant an evidentiary hearing, consider Wells' affidavit "a waiver of the confidentiality of the FBI records" and "order the United States Attorney for the District of Alaska and the local FBI to produce all records, if any, proving or disproving Attorney Wells' affidavit is misleading," and answer "the question 'what discovery did Attorney Wells view' . . . with credible documentation or testimony in order to cure the defect in the integrity of the § 2255 proceedings."[16]

Numann then moved again for "a hearing to reopen the 28 U.S.C. § 2255 hearing."[17]

### III. LEGAL STANDARD

A Rule 60(b) motion "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."[18] Those circumstances include "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," "fraud," and

---

[14] *Id.*

[15] *Id.* at 7.

[16] *Id.* at 5–7.

[17] Dkt. 183 at 1–2.

[18] *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).

"any other reason that justifies relief."[19] A Rule 60(b) motion can be construed as a request for permission to file a second or successive 2255 motion.[20] "[A] legitimate Rule 60(b) motion 'attacks ... some defect in the integrity of the federal habeas proceedings,' while a second or successive habeas corpus petition'' "is a filing that contains one or more 'claims,' '' defined as "asserted federal bas[e]s for relief from a court's judgment of conviction."[21] Defendants "cannot 'utilize a Rule 60(b) motion to make an end-run around the [habeas] requirements['] or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions."[22]

"When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition."[23] Before a second or successive § 2255 motion can be filed in District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."[24]

A petitioner is generally limited to one motion under § 2255, and may not bring a "'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255 (h)."[25] That subsection provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

---

[19] Fed. R. Civ. Pro. 60.

[20] *Clark v. Lewis*, 1 F.3d 814, 825 (9th Cir.1993).

[21] *Jones v. Ryan*, 733 F.3d 825, 834 (9th Cir. 2013).

[22] *Id.* at 833.

[23] *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000).

[24] 28 U.S.C. § 2244(3)(A).

[25] *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011).

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Further, under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

This limitation is jurisdictional in nature. [26] "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)," including characterizing their petitions as being asserted under Rule 60(b) of the Federal Rules of Civil Procedure.[27]

## IV. ANALYSIS

First, the Court determines that the Motion is actually an unauthorized second or successive § 2255 motion. As such, it requires § 2255(h) certification before the Court may adjudicate it. Next, because the Motion requires § 2255(h) certification before the Court may adjudicate it on the merits, the Court refers the Motion to the Ninth Circuit.

---

[26] *See Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015))"Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: 'If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.' " (quoting *United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009)).

[27] *Washington*, 653 F.3d at 1059.

### A. Numann's Rule 60(b) Motion is Actually a Second or Successive § 2255 Motion.

First, the Court determines that the Motion is an unauthorized second or successive § 2255 motion "in the guise of a [Rule] 60(b) motion" and "wrapped in a [Rule] 60(b) rubric"[28] because it seeks to present newly discovered evidence relevant to the merits of a previously dismissed § 2255 claim.

Numann contends that his Rule 60(b) motion is not a successive § 2255 petition.[29] However, *Gonzalez* clarifies that it is the relief sought that determines whether the motion is a § 2255 petition.[30] To determine whether a Rule 60(b) motion is a disguised second or successive § 2255 motion, courts examine the substance of the motion to see whether the Rule 60(b) motion contains a "claim" that makes it a § 2255 motion.[31]

Examples of Rule 60(b) motions making "claims" such that they should be treated as "second or successive" § 2255 motions include those in which "newly discovered evidence is presented that allegedly justifies revisiting a claim that was denied in the original § 2255 motion;

---

[28] *United States v. Montalvo*, No. CR S89-0062 WBSGGHP, 2007 WL 915187, at *4 (E.D. Cal. Mar. 23, 2007), *report and recommendation adopted*, No. CRS-8900620-WBS-GGHP, 2007 WL 1574574 (E.D. Cal. May 30, 2007).

[29] Dkt. 174 at 2.

[30] *See Gonzales*, 545 U.S. at 531 ("[A]lthough labeled a Rule 60(b) motion, [the motion] is in substance a successive habeas petition and should be treated accordingly."); *see also United States v. Torres,* 282 F.3d 1241, 1246 (10th Cir. 2002) ("Indeed, to allow a petition to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").

[31] *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011).

. . . an argument is made that the previous resolution of a claim was incorrect; and . . . the movant's own conduct or counsel's omissions allegedly warrant relief."[32]

A purported Rule 60(b) motion seeking to reopen the judgment of an initial habeas petition brought pursuant to 28 U.S.C. § § 2254, 2255 is in essence a successive petition where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits."[33]

To the extent Numann moves under Rule 60(b)(6) to "undertake[] an investigation"[34] regarding the underlying § 2255 proceeding, that motion is denied. Rule 60(b)(6) provides no basis for such an action. Numann raised substantially the same challenges on direct appeal and in his prior § 2255 petition. Moreover, the Court declines to find that the FOIA requests indicate "extraordinary circumstances" that would justify reconsideration of this Court's Order on Numann's first § 2255 motion, noting no concerns or considerations that would merit relief under Rule 60(b)(6).

The remainder of Numann's asserted grounds raise "claims" seeking relief on the merits and must be construed as an unauthorized second or successive § 2255 motion because it challenges this Court's previous resolution of Numann's first § 2255 claim on the merits. The Court observes that Numann asserts the wrong standard for the "newly discovered evidence" for § 2255 purposes. The statute recognizes "newly discovered evidence that, if proven and viewed in

---

[32] *See Washington*, 653 F.3d at 1063 (citing *Gonzalez*, 545 U.S. at 530-32).

[33] *Gonzalez* at 532.

[34] Dkt. 174 at 3.

-8-
Case 3:16-cr-00065-TMB-MMS   Document 184   Filed 09/20/24   Page 8 of 11

light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense."[35] Here, Numann offers no evidence that "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would found [him] guilty of the offense."[36] Rather, the "newly discovered evidence" Numann's motion references relates to Numann's denied claim of ineffective assistance of counsel, which "'in effect asks for a second chance to have the merits determined favorably,' [and raises] a 'claim' that takes it outside the purview of Rule 60(b)."[37] Moreover, the Court observes that Numann's arguments the FOIA responses are speculative, extrapolate well beyond the record, do not clearly establish any contradiction or flaw in the record before the Court for the first § 2255 motion, and show no prejudice as required to establish deficient performance, thus failing to establish grounds for relief.

In light of the foregoing, the Court concludes that Numann's Rule 60(b) motion raises "claims" and therefore should be considered a disguised second or successive § 2255 motion that the Court must dismiss for lack of jurisdiction.

**B. The Court Refers Numann's Second § 2255 Motion to the Ninth Circuit for § 2255 Certification Purposes, Leaving Nothing Further Before This Court.**

The Court lacks authority to review the merits of the Motion because it is a second or successive § 2255 motion, and the requirements of § 2255(h) create a jurisdictional bar to a

---

[35] 28 U.S.C. § 2255(h) (emphasis added); *see also Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 405 (2001) (recognizing right to collaterally attack a prior conviction outside normal and timely process where defendant obtained "compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner").

[36] *Id.* (quoting 28 U.S.C. § 2244(b)(2)(B)).

[37] *Washington*, 653 F. 3d at 1063.

petitioner's claims if the petitioner does not first obtain the Ninth Circuit Court of Appeals' authorization.[38] Pursuant to the Ninth Circuit Local Rule 22-3(a), "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Having determined that Numann's Rule 60(b) motion is actually a disguised "second or successive" § 2255 motion that requires § 2255(h) certification before this Court may adjudicate it on the merits, the Court refers the matter to the Ninth Circuit pursuant to Rule 22-3(a) for § 2255(h) certification purposes. This referral leaves nothing pending before this court.

The Court notifies Numann, however, that his claims—as currently formulated in the Motion—appear to raise neither (1) newly discovered evidence that, if proven, would establish his innocence, nor (2) any new rule of constitutional law that is applicable.[39]

## V. CONCLUSION

Because Numann's Rule 60(b) motion must be treated as a "second or successive" § 2255 motion, the Court refers the motion to the Ninth Circuit pursuant to Rule 22-3(a) for § 2255(h) certification purposes.

The Clerk of Court is directed to send this Order to the Ninth Circuit. The Clerk of Court is also directed to terminate Numann's motions and to close this case pending the Ninth Circuit's § 2255(h) certification decision.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 20th day of September, 2024.

/s/ _Timothy M. Burgess_____

---

[38] *Ezell*, 778 F.3d at 765.

[39] *See* Section 2255(h).

TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE